THE NEW YORK AND NEW JERSEY TELEPHONE COMPANY, PROSECUTOR, v. RICHARD DE GRAY.

Submitted March 22, 1900—Decided June 11, 1900.

If the owners in severalty of separate tracts of land jointly lease them, either owner, as landlord, may alone institute and sustain a summary proceeding to dispossess the tenant from his tract, for a holding over after expiration of the term.

---

On *certiorari*.

Before Justices DIXON, LUDLOW and COLLINS.

For the prosecutor, *Eugene Stevenson* and *John B. Humphreys.*

For the defendant, *Eugene Emley.*

The opinion of the court was delivered by

COLLINS, J. This writ removes, *in limine,* on challenge of jurisdiction, a proceeding brought in the District Court of Paterson, by a landlord.to dispossess his tenant for holding over after expiration of term. Except in the particular hereinafter mentioned, the reasons assigned for lack of jurisdiction all depend upon facts, *dehors* the return, attempted to be established by affidavits taken in this cause. We cannot inquire into facts, but must take the case as the landlord presents it to be admitted. *Roberts v. McPherson,* 33 *Vroom* 165; *affirmed,* 34 *Vroom* 352. Thus considered, but one debatable question arises. The landlord's affidavit shows that the affiant's lease to the tenant was in writing and was joined in by William De Gray. It is deposed, however, that William De Gray's only interest in the demised premises was the ownership in severalty of land not included in the proceeding to dispossess; and that the land embraced in that proceeding was, at the time of the demise, and is now, owned in severalty by the affiant. The question therefore is this: If the owners in severalty of separate tracts of land jointly lease them, may one of them, as landlord, alone institute and sustain a summary proceeding to dispossess the tenant from his tract, for a holding over after the expiration of the term? We think he may. The statutes authorizing summary dispossession are broad enough to warrant such an individual proceeding, and there seems no reason for any narrower construction. Indeed, we think that to be the correct practice. A right to possession compels recovery in ejectment. The summary proceeding for possession takes the place of ejectment, and only because the statutes authorizing it make jurisdiction depend upon the relation of landlord and tenant having subsisted is it necessary to allege or prove that relation. This jurisdictional

requisite having been met, the relative rights of the parties should be asserted and secured as they, in fact, exist.

Let the writ be dismissed, with costs, and let the cause be remitted to the District Court of Paterson, to be therein proceeded with according to law.